Appeal No. 2014-1767

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
_____

**Achates Reference Publishing, Inc.**
*Appellant,*

v.

**Apple, Inc.**
*Appellee.*

_____

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in No. IPR2013-00080
_____

**BRIEF FOR INTERVENOR—DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE**

NATHAN K. KELLEY
Solicitor

KAKOLI CAPRIHAN
FRANCES M. LYNCH
Associate Solicitors

Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313-1450
(571) 272-9035

*Attorneys for the Director of the
United States Patent and Trademark Office*

February 24, 2014

# TABLE OF CONTENTS

I.    Statement of Jurisdiction .................................................................1

II.   Statement of the Issues .................................................................1

III.  Statement of the Case .................................................................2

    A.    Introduction .................................................................2

    B.    Statutory and Regulatory Background ..................................................3

    C.    Factual Background and Procedural History .......................................5

        1. Achates' Infringement Litigation Regarding the '403 Patent and Apple's Subsequent Petition for Inter Partes Review ..........................................................5

        2. The Board's Denial of Achates' Attempt to Obtain Additional Discovery ...........................................6

        3. The Board's Institution Decision and Final Decision ...............................................................10

IV.   Summary of the Argument .......................................................12

V.    Argument .................................................................13

    A.    Standard of Review  .......................................................13

    B.    This Court Lacks Jurisdiction to Review the Director's Decision to Institute an Inter Partes Review of the '403 Patent.............................................................14

    C.    If this Court Reaches the Issue, The Board's Institution of Inter Partes Review and Denial of Related Discovery Was Proper .........................................................16

1.  The Board Correctly Concluded That Apple Was Not Time-Barred by 35 U.S.C. § 315(b) ....................................................................16

2.  The Board Properly Denied Achates' Motion for Additional Discovery .....................................................................21

VI.  Conclusion .........................................................................................27

# TABLE OF AUTHORITIES

## Cases

*Arris Group, Inc. v. C-Cation Technologies, LLC*,
   IPR2014-00746, Paper 15 (July 24, 2014) ....................................................24, 25

*Auer v. Robbins*, 519 U.S. 452 (1997) ...................................................................14

*Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*,
   467 U.S. 837 (1984) ........................................................... 13, 16, 17, 19

*Cuozzo Speed Techs., L.L.C., In re*, -- F.3d --,
   No. 2014-1301, 2015 WL 448667 (Fed. Cir. Feb. 4, 2015)........................ passim

*Dominion Dealer Solutions, LLC, In re*,
   749 F.3d 1379 (Fed. Cir. 2014) ............................................................16

*Eli Lilly Co. v. Bd. of Regents of the Univ. of Wash.*,
   334 F.3d 1264 (Fed. Cir. 2003) ............................................................21

*Garmin Int'l, Inc. v. Cuozzo Speed Techs LLC*,
   IPR2012-00001, Paper 20 ....................................................................22

*General Electric Company v. Transdata, Inc.*,
   IPR2014-01380, Paper 15 (November 12, 2014)....................................23, 24, 25

*Heckler v. Ringer*, 466 U.S. 602 (1984) ................................................................16

*Procter & Gamble Co., In re*, 749 F.3d 1376 (Fed. Cir. 2014)..............................16

*Sullivan, In re*, 362 F.3d 1324 (Fed. Cir. 2004)................................................14, 21

*St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*,
   749 F.3d 1373 (Fed. Cir. 2014) ..........................................................15

*Taylor v. Sturgell*, 553 U.S. 880 (2008)........................................................... passim

*Zoll Lifecor Corp. v. Phillips Elec. N. Am. Corp.*,
   577 Fed. Appx. 991 (Fed. Cir. 2014) ..................................................15

**Statutes**

5 U.S.C. §706(2)(A).................................................................14

28 U.S.C. §1295(a)(4)(A) ...........................................................1

35 U.S.C. §134..........................................................................21

35 U.S.C. §143....................................................................1, 3

35 U.S.C. § 314(b) ....................................................................4

35 U.S.C. § 314(d) ................................. 1, 4, 13, 14, 15, 16

35 U.S.C. §315(b) ............................................................ passim

35 U.S.C. §316(a)(2).........................................................3, 17, 19

35 U.S.C. §316 (a)(4)...........................................................3, 17

35 U.S.C. §316(a)(5).............................................................3, 21

35 U.S.C. §316(a)(5)(B) ..........................................................26

35 U.S.C. §316(a)(11).................................................................3

35 U.S.C. §316(c) .....................................................................3

35 U.S.C. §318(a) ....................................................................14

35 U.S.C. § 319.........................................................................14

**Regulations**

37 C.F.R. §41.3.........................................................................21

37 C.F.R. §42.2 ........................................................................21

37 C.F.R. §42.4(a)....................................................................15

37 C.F.R. §42.5(a)......................................................................4

37 C.F.R. §42.5(b) ........................................................................4

37 C.F.R. §42.6 ...........................................................................17

37 C.F.R. §42.8 ...........................................................................17

37 C.F.R. §42.8(b) .........................................................................4

37 C.F.R. §42.8(b)(1) ...................................................................18

37 C.F.R. §42.11 ..........................................................................18

37 C.F.R. §42.12(a) ......................................................................18

37 C.F.R. §42.22 ..........................................................................17

37 C.F.R. §42.24 ..........................................................................17

37 C.F.R. §42.51 ............................................................................4

37 C.F.R. §42.51(a) ........................................................................4

37 C.F.R. §42.51(b)(1) ...................................................................4

37 C.F.R. §42.51(b)(2) ...............................................................4, 22

37 C.F.R. §42.51(b)(2)(i) ..............................................................26

37 C.F.R. §42.101(b) ...............................................................11, 17

37 C.F.R. §42.104(a) .....................................................................18

## Other Authorities

154 Cong. Rec. S9988-89 (daily ed. Sept. 27, 2008) ............................22

157 Cong. Rec. S1375 (daily ed. March 8, 2011) ................................22

Office Patent Trial Practice Guide, 77 Fed. Reg. 48756 ..............9, 11, 19

Pub. L. No. 112-29, 125 Stat. 284 (2011)...................................................................3

## STATEMENT OF RELATED CASES

The Director of the United States Patent and Trademark Office ("Director") adopts by reference Achates Reference Publishing, Inc.'s ("Achates") statement of related cases.  This brief is substantively identical to that filed by the Director in Appeal No. 2014-1788.  In addition, this Court's decision in *Versata Development Group, Inc. v. SAP America, Inc. et al.*, No. 2014-1194 may directly affect, or be directly affected by, this Court's decision in this appeal.

# I.    STATEMENT OF JURISDICTION

This appeal arises from a final written decision of the Patent Trial and Appeal Board ("the Board") in an inter partes review proceeding.  The Board entered its final written decision on June 2, 2014.  Achates timely filed a notice of appeal.  As explained in Section V.B of this brief, this Court lacks jurisdiction to review the USPTO's decision to institute the inter partes review, which is "final and nonappealable."  35 U.S.C. § 314(d); *see also In re Cuozzo Speed Techs., L.L.C.*, -- F.3d --, No. 2014-1301, 2015 WL 448667 at *3 (Fed. Cir. Feb. 4, 2015).  This Court otherwise has appellate jurisdiction over Achates' appeal of the Board's final written decision under 28 U.S.C. § 1295(a)(4)(A).

# II.    STATEMENT OF THE ISSUES

The Director has intervened in this case to address Achates' challenge of the Board's institution of inter partes review of U.S. Patent No. 6,173,403 ("the '403 patent"), and defend the Board's denial of Achates' motion for additional discovery.  *See* 35 U.S.C. § 143.  Apple, Inc. ("Apple") sought inter partes review of certain claims of the '403 patent.  In its petition, Apple indicated that it was served with a complaint in a pending district court litigation and certified that it was the real party of interest submitting the petition.  In response, Achates asserted that Apple was time-barred by 35 U.S.C. § 315(b) and moved for additional discovery relating to Apple's alleged real-parties-in-interest and privies.  The

Board denied Achates' request for additional discovery and instituted the inter partes review.

The issues thus addressed by the Director are:

1.      Whether this Court lacks jurisdiction to review the Board's decision to institute the inter partes review, including the Board's decision to deny certain discovery.

2.      If the Court reaches the merits of the Board's decision to institute, whether the Board's decision was plainly erroneous or inconsistent with the Agency's regulations, which are entitled to deference.

3.      If the Court otherwise reaches the merits of the Board's decision denying the motion for additional discovery, whether the Board abused its discretion when it did so.

## III.     STATEMENT OF THE CASE

### A.     Introduction

Achates owns the '403 patent.  Apple filed a petition with the U.S. Patent and Trademark Office ("USPTO") to institute an inter partes review of the '403 patent.  The Board ultimately issued a final written decision concluding that those challenged claims were unpatentable.  Achates here attempts to challenge the Board's underlying decision to institute these proceedings, but does not challenge the substantive patentability conclusions of the Board.  The Director of the USPTO

2

intervened to defend the Board's institution of these proceedings, which is final and non-appealable. *See* 35 U.S.C. § 143.

## B.    Statutory And Regulatory Background

In 2011 Congress passed the AIA, Pub. L. No. 112-29, 125 Stat. 284 (2011) which, among other things, created the inter partes review process as an administrative means to challenge the patentability of an issued patent.  Inter partes review has a number of benefits as compared to the administrative reexamination process.  First, it is a streamlined process, with the entire proceeding conducted before the Board.  35 U.S.C. § 316(c).  Second, it is an expedited proceeding, with the Board typically required to issue a decision within one year after instituting the inter partes review process.  35 U.S.C. § 316(a)(11).  Finally, it provides the parties the ability to engage in limited discovery that is unavailable in reexamination proceedings.  35 U.S.C. § 316(a)(5).

The AIA gives the Director broad authority to "prescribe regulations . . . establishing and governing inter partes review," including "setting forth the standards for the showing of sufficient grounds to institute a review under section 314(a)."  35 U.S.C. § 316(a)(2); § 316 (a)(4); *see also Cuozzo*, 2015 WL 448667 at *7.  An inter partes review may not proceed, however, "if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging

infringement of the patent." 35 U.S.C. § 315(b). Congress also acknowledged that the compressed time frame for the Board's adjudication made it particularly important that the Board have the power to manage its own docket. By statute, the Board must adjudicate a petition seeking to "institute an inter partes review" – a decision that is "final and nonappealable," *id.* § 314(d) – within three months of the filing of a response to the petition. *Id.* § 314(b).

The Director has promulgated regulations consistent with the Board's authority to manage the new proceedings. The Board "may enter non-final orders to administer [a] proceeding," 37 C.F.R. § 42.5(a), "may determine a proper course of conduct . . . for any situation not specifically covered by [the regulations]," *id.*, and may, as appropriate, "waive or suspend" a requirement of the regulations. *Id.* § 42.5(b). Pursuant to that authority, the USPTO promulgated 37 C.F.R. § 42.51, which provides for three tiers of discovery. First, there are mandatory initial disclosures. *See* 37 C.F.R. §§ 42.51(a), 42.8(b). Second, there is "routine discovery," including all exhibits cited in papers or testimony, cross examination of affidavit testimony, and all relevant information that is inconsistent with a position advanced in the proceeding. *Id.* § 42.51(b)(1). Third, the regulation allows for "additional discovery" by motion if the moving party "show[s] that such additional discovery is in the interests of justice." *Id.* § 42.51(b)(2).

**C.    Factual Background and Procedural History**

### 1.    Achates' Infringement Litigation Regarding the '403 Patent and Apple's Subsequent Petition for Inter Partes Review

On July 14, 2011, Achates served a complaint for infringement of the '403 patent and U.S. Patent No. 5,982,889 ("the '889 patent") in the United States District Court for the Eastern District of Texas ("the Texas litigation") against thirteen defendants, including QuickOffice, Inc., Electronics Arts, and Symantec. With respect to Quick Office, Inc., for example, Achates alleged that it directly and indirectly infringed at least claim 1 of the '403 patent and claim 1 of the '889 patent. *See* A4960.

Almost a year later, on June 20, 2012, Achates filed an amended complaint that accused Apple of infringement of the '403 patent and '889 patent. Achates alleged that Apple directly and indirectly infringed the patents-in-suit based on its own actions, as well as those of defendant QuickOffice, Inc. *See* A2396-97.

After it was brought into the Texas litigation, on December 14, 2012, Apple filed a petition for inter partes review of claims 1-12 and 17-19 of the '403 patent, proposing that those claims were unpatentable as anticipated and/or obvious over four primary prior art references. *See* A82-83. In the petition, Apple indicated that it had been first named as a defendant in the Texas litigation on June 20, 2012. A82. Apple also certified that "it is not barred or estopped from requesting inter

partes review" of the '403 patent and that "[t]he real party of interest of this petition is Apple, Inc. (Apple)." A81.

### 2. The Board's Denial of Achates' Attempt to Obtain Additional Discovery

Just prior to Achates' due date for its preliminary response to Apple's petition, the Board held a conference call with the parties to discuss Achates' request to file a motion for additional discovery. *See* A151-155. Citing to a publicly available sample software development kit agreement ("SDK agreement") between Apple and iPhone application developers, Achates requested that it be permitted to obtain discovery regarding agreements, including joint defense agreements, between Apple and its co-defendants in the Texas litigation. A152. Achates argued that Apple may have entered into an agreement similar to the SDK agreement with the co-defendants in the Texas litigation and that such discovery is relevant to determining whether a real party in interest or privy of Apple was served with a complaint more than one year prior to the date of Apple's petition requesting inter partes review, thus barring institution of Apple's request for inter partes review under 35 U.S.C, § 315(b). *Id.* The Board authorized Achates to file the discovery motion, and, because it was seeking neither mandatory nor routine discovery, directed that it explain why the discovery was "necessary in the interest of justice," and in particular, address (1) why the cited indemnification clauses are relevant to determining whether the co-defendants are real parties in interest or

6

privies of the petitioner; and (2) why the requested discovery is warranted at this time.  A153.

In its motion, Achates requested that Apple produce "copies of any and all agreements related to rights, obligations or indemnification responsibilities for allegations of infringement of third party intellectual property rights" and "copies of any and all joint defense agreements" between Apple and any co-defendant in the Texas litigation.  A156-166.  Achates explained that this discovery is relevant and complies with the USPTO's "interests of justice" standard because the indemnity provision in the sample SDK agreement suggested that Apple may have had indemnity agreements with the other defendants in the Texas litigation, such as QuickOffice, Inc., that would trigger the one-year statutory bar of section 315(b).  A160-163.  Relying on *Taylor v. Sturgell*, 553 U.S. 880 (2008), Achates asserted that the indemnity provision in the SDK agreement falls within the second category of relationships described in *Taylor*, in which nonparty preclusion may be justified based on a "substantive legal relationship" between the person to be bound and a party to the judgment.  A161.  Further, Achates contended that under California law, where Apple has its principal place of business, if a party is obligated to pay for a loss caused by another, by virtue of his or her payment the party becomes subrogated to whatever claim the payee has against the person

causing loss and is thereafter a real party in interest. *Id.* The indemnity provision in this sample SDK agreement reads:

> To the extent permitted by law, You agree to indemnify, defend and hold harmless Apple, its directors, officers, employees, independent contractors and agents (each an "Apple Indemnified Party") from any and all claims, losses, liabilities, damages, expenses and costs (including without limitation attorneys fees and court costs) (collectively "Losses") incurred by an Apple Indemnified Party as a result of Your breach of this Agreement, a breach of any certification, covenant, representation or warranty made by You in this Agreement, any claims that Your Applications violate or infringe any third party intellectual property or proprietary rights, or otherwise related to or arising from Your use of the SDK, Your Application(s) or Your development of Applications.

*See* A5000.

Apple responded, arguing that: (1) Achates' motion is based on a flawed understanding of privity, as the indemnification provision suggests nothing more than a potential obligation of an app developer to Apple, but does not give Apple any right or obligation to intervene or control the litigation against a co-defendant; (2) Achates' reliance on the second exception under *Taylor* is misplaced and has no relevance because Achates alleged that Apple and the other co-defendants performed independent acts of infringement, which cause each to be independently liable; (3) defendants are not collaterally estopped by virtue of a joint defense agreement; and (4) Achates' request ultimately rests on a vague contention that one

or more co-defendants may have an indemnification obligation to Apple in the Texas litigation.  A172-180.

The Board denied Achates' motion for additional discovery.  *See* A342-349. "An important factor in determining whether additional discovery is in the interests of justice is whether there exists more than a 'mere possibility' or 'mere allegation' that something useful [to the proceeding] will be found."  A345.  The Board concluded that Achates had not met its burden to demonstrate that such additional discovery is in the interests of justice.  A348.

In particular, the Board found that Achates' reliance on the sample SDK agreement and its argument that the indemnification clause is indicative of an indemnitor being a real party in interest or privy of the indemnitee "amounts only to mere allegation and speculation that one or more of the co-defendants are real parties-in-interest or privies of Apple."  A345-348.  Citing to the Office Patent Trial Practice Guide, 77 Fed. Reg. 48756, 48759-60 (Aug.14, 2012) ("Trial Practice Guide"), and *Taylor v. Sturgell*, the Board noted that "[w]hether a non-party is a 'real party-in-interest' or 'privy' for purposes of an *inter partes* review proceeding is a 'highly fact-dependent question' that takes into account how courts generally have used the terms to 'describe relationships and considerations sufficient to justify applying conventional principles of estoppel and preclusion' . . . a number of factors may be relevant to the analysis, including whether the non-

party exercised or could have exercised control over a party's participation in a

proceeding or whether the non-party is responsible for funding and directing the

proceeding . . . [q]ualifying relationships include, but are not limited to, preceding

and succeeding owners of property, bailee and bailor, and assignee and assignor."

A345-346.  Here, the Board found that even assuming the sample SDK agreement

applies to Apple's co-defendants, the agreement does not give the right to

intervene or control Apple's defense to any charge of patent infringement, nor does

it provide for legal fees incurred in an inter partes review.  A346-347.  The Board

also found that the record shows that Apple and the co-defendants in the Texas

litigation have distinct interests in the litigation, and based on the different

allegations of infringement against Apple, it does not appear that Apple would be

estopped by any judgment against one of the co-defendants.  A347-348.

The Board also found that Achates' delay in requesting such additional

discovery weighs against granting the motion.  A348.  Although the Texas

litigation was initiated in 2011, and Apple was served a year later, Achates waited

until nearly three months after Apple's petitions were filed, and one week prior to

the due date for its preliminary responses, to make its request.  *Id.*

### 3.    The Board's Institution Decision and Final Decision

The Board instituted inter partes review on all of the challenged claims after

receiving Achates' Preliminary Response.  A388.  In its Preliminary Response,

Achates reiterated that the inter partes review should not be instituted because the petition fails to meet the statutory requirements of 35 U.S.C. § 315(b) and 37 C.F.R. § 42.101(b).  A189.  Again, the centerpiece of Achates' position was reliance on the indemnity provision in a sample SDK agreement that Apple allegedly enters into with iPhone application developers like the co-defendants. A192.

In its decision to institute, the Board addressed Achates' arguments and again noted that whether a non-party is a "real party-in-interest" or "privy" for purposes of an inter partes review proceeding is a "highly fact-dependent question" that takes into account how courts generally have used the terms to "describe relationships and considerations sufficient to justify applying conventional principles of estoppel and preclusion." A367 *citing* the Trial Practice Guide at 48759 and *Taylor*.  Whether parties are in privity, for instance, depends on whether the relationship between a party and its alleged privy is "sufficiently close such that both should be bound by the trial outcome and related estoppels."  *Id*.  In examining Achates' assertions regarding privity, the Board noted a number of reasons why Achates' arguments lack merit:

- Achates provides no evidence that any of the co-defendants in the related litigation was in privity with Apple.

- Even assuming the indemnification provision of the SDK agreement applied to co-defendants, such a provision is not indicative of the co-defendants being real parties in interest or privies of Apple.  For

11

instance, the agreement does not give the developer the right to intervene or control Petitioner's defense to any charge of patent infringement, nor has Patent Owner argued that to be the case for the co-defendants in the related litigation. The indemnification clause also does not require Apple to pay a party's legal fees in an inter partes review.

- Indemnification is not one of the "substantive legal relationships" cited in *Taylor* (*e.g.*, assignee-assignor), and is significantly different from those relationships, which involve successive interests in property.

- Achates' sole legal authority regarding indemnification – a California Practice Guide excerpt – is inapplicable, as it relates to subrogation claims where a "person obligated to pay for a loss caused by another may, by virtue of his or her payment, become subrogated to whatever claim the payee has against the person causing the loss."

- Apple and its co-defendants have distinct interests in the related litigation such that, at least based on the facts available, it does not appear that Apple would be estopped by any judgment against one of the co-defendants.

A369-372.

In its final decision, the Board reiterated its prior reasoning that Apple was not barred under section 315(b). A9-13. The Board also concluded that all of the challenged claims were unpatentable over the cited prior art. A53.

## IV.   SUMMARY OF THE ARGUMENT

Despite a finding by the Board that claims 1-12 and 17-19 of the '403 patent are unpatentable, Achates ignores the merits of the Board's decision and instead focuses its appeal on the issue of whether the Board properly instituted the inter partes review under 35 U.S.C. § 315(b), including the denial of ancillary discovery.

That decision, however, is "final and nonappealable," and cannot be reviewed by this Court. 35 U.S.C. § 314(d); *see also Cuozzo,* at *3 (holding that § 314(d) prohibits review of the decision to institute inter partes review even after a final decision.) Accordingly, this appeal should be dismissed.

To the extent this Court reviews the Board's institution decision and denial of discovery, the Board was correct in issuing its decisions. The Board properly found that Apple was not time-barred by 35 U.S.C. § 315(b). When it filed its petition, Apple certified that it was the only real party in interest and Achates failed to present any evidence that proved otherwise. The Board correctly found that Apple met its requirements under section 315(b). Further, the Board did not abuse its discretion when it denied Achates' request for additional discovery on any agreements that Apple may have had with co-defendants in a pending Texas litigation. Achates failed to demonstrate that such discovery was warranted and in the "interests of justice," as promulgated by the USPTO rules and procedures.

## V.    ARGUMENT

### A.    Standard of Review

Regulations issued by the USPTO under a statutory grant of rulemaking authority are entitled to deference unless based on an unreasonable construction of the statute, *see Cuozzo*, 2015 WL 448667 at *3; *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), and the USPTO's interpretation of its

13

own regulations is "controlling unless plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (internal quotation marks omitted). The Board's actions may not be set aside unless "arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law." *In re Sullivan*, 362 F.3d 1324, 1326 (Fed. Cir. 2004); 5 U.S.C. § 706(2)(A).

**B.    This Court Lacks Jurisdiction To Review The Director's Decision To Institute An Inter Partes Review Of The '403 Patent**

In its appeal, Achates only challenges the Board's institution of inter partes review of the '403 patent and denial of discovery ancillary to that decision. This Court, however, lacks jurisdiction to review the USPTO's decision to institute, including whether Apple was barred or estopped from institution of such a proceeding under 35 U.S.C. § 315(b). Congress specifically provided that the USPTO's decision "whether to institute" such a proceeding "shall be final and nonappealable," 35 U.S.C. § 314(d), and it only authorized review of the Board's final written decision as to patentability, *see* 35 U.S.C. §§ 319, 318(a). And this Court agreed. *See Cuozzo*, 2015 WL 448667 at *3 (holding that § 314(d) prohibits review of the decision to institute inter partes review even after a final decision).

Moreover, the bar on reviewability in 35 U.S.C. § 314(d) includes the USPTO's determination of whether the petitioner is estopped from filing a petition under section 315(b). *See St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*,

14

749 F.3d 1373, 1375–76 (Fed. Cir. 2014); *see also Zoll Lifecor Corp. v. Phillips Elec. N. Am. Corp.*, 577 Fed. Appx. 991, 993 (Fed. Cir. 2014). This is because the bar on reviewability covers all the considerations the Director must make prior to institution. *See St. Jude*, 749 F.3d at 1376. This interpretation follows from the language of the statute which expressly designates "the Director" to make the decision to institute in section 314(a).[1] *Id.* In *St. Jude*, the Board denied institution of St. Jude's petition for inter partes review, explaining that because St. Jude was served with a counterclaim of infringement of the patent-at-issue more than one year prior to St. Jude's petition, St. Jude is barred under section 315(b) from seeking inter partes review of that patent. *See id.* at 1375. This Court dismissed St. Jude's appeal of the decision not to institute, holding that it may not hear the appeal because:

> the statute goes beyond merely omitting, and underscoring through its structure the omission of, a right to appeal the non-institution decision. It contains a broadly worded bar on appeal. Under the title, "No Appeal," Section 314(d) declares that "[t]he determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable." *Id.* § 314(d). That declaration may well preclude all review by any route . . . It certainly bars an appeal of the non-institution decision here.

*Id.* at 1376.

---

[1] This authority has been delegated to the Board by regulation. 37 C.F.R. § 42.4(a).

Likewise, here Achates cannot seek review of the Board's institution decision.[2] And because Achates' request for additional discovery was sought in an effort to challenge Apple's petition for institution of inter partes review and considered prior to the Board's institution decision, it is also not reviewable. Accordingly, Achates' appeal should be dismissed.

## C. If This Court Reaches The Issue, The Board's Institution of Inter Partes Review and Denial of Related Discovery was Proper

### 1. The Board Correctly Concluded That Apple Was Not Time-Barred by 35 U.S.C. § 315(b)

Even if Achates could seek review of the Board's institution of inter partes review, the Board's decision was neither plainly erroneous nor inconsistent with Agency's regulations, which are entitled to deference. *See Cuozzo*, 2015 WL 448667 at *3; *Chevron*, 467 U.S. at 842-43 (1984).

---

[2] Achates may request that this Court treat its appeal as a request for mandamus relief. *See Cuozzo*, 2015 WL 448667 at *4. Such relief would not be appropriate here, if ever. The decision to institute, and the Board's ancillary decision to deny discovery, were both discretionary decisions, and thus mandamus is unavailable. *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (finding mandamus is "intended to provide a remedy for plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.") Further, this Court has already held that there is "'no clear and indisputable' right to challenge [the] non-institution" of an inter partes review at the Federal Circuit, "including by way of mandamus." *In re Dominion Dealer Solutions, LLC*, 749 F.3d 1379 (Fed. Cir. 2014). A similar rule should apply to challenges to the institution of an inter partes review. *See In re Procter & Gamble Co.*, 749 F.3d 1376, 1378–79 (Fed. Cir. 2014) (denying a mandamus petition seeking the immediate review of a decision instituting an inter partes review, and stating that "[p]erhaps section 314(d)'s broad language precludes all judicial review of the institution decision, even in an eventual section 319 appeal").

First, contrary to Achates' assertions, the Board followed the proper procedure and authority to institute the inter partes review of the '403 patent. Congress delegated authority to the Director to prescribe when inter partes reviews would be instituted. 35 U.S.C. §§ 316(a)(2), 316(a)(4). The Agency has promulgated such regulations and because they represent the Agency's authorized exercise of rulemaking authority to fill a gap in the statute, they are entitled to deference. *See Chevron*, 467 U.S. at 842-4; *Cuozzo*, 2015 WL 448667 at *3. The Board's ruling is consistent with the USPTO's interpretation of § 315(b), which is embodied in 37 C.F.R. § 42.101(b), a rule promulgated after notice and comment. This regulation states as follows:

> A person who is not the owner of a patent may file with the Office a petition to institute an inter partes review of the patent unless . . . [t]he petition requesting the proceeding is filed more than one year after the date on which the petitioner, the petitioner's real party-in-interest, or a privy of the petitioner is served with a complaint alleging infringement of the patent.

*Id.* As this regulation provides, the only relevant question is whether at the time the petition is filed, the petitioner, real party-in-interest, or a privy of the petitioner had been served with a complaint alleging infringement of the patent at issue more than one year prior to the date of filing. And as Achates noted in its brief, in addition to the requirements of §§ 42.6, 42.8, 42.22, and 42.24, the petition must set forth:

17

> (a) *Grounds for standing.* The petitioner must certify that the patent for which review is sought is available for *inter partes* review and that the petitioner is not barred or estopped from requesting an *inter partes* review challenging the patent claims on the grounds identified in the petition.

Achates Br. at 32-33.

Achates erroneously asserts that Apple did not submit enough evidence to support a finding that the Board had authority under section 315(b). *See* Achates Br. at 23-26. But Achates' call for an "evidentiary submission" to meet the certification requirement is unavailing. Apple met this certification requirement when it stated that it was the only real party in interest in this proceeding and signed the petition, attesting to the veracity of whether it was estopped by regulation, where false declarations could subject the signing attorneys to sanction. 37 C.F.R. §§ 42.8(b)(1) (real-party-in-interest notice), 42.11 (duty of candor), 42.12(a) (sanctions); 42.104(a) (estoppel certification). Indeed, Achates concedes as much admitting that Apple did state it was not barred or estopped from seeking an inter partes review. Achates Br. at 26. Thus, the record shows that the Board properly followed its authority to institute the inter partes review.

Second, Achates mischaracterizes the Board's decision to institute, stating that the Board misinterpreted section 315(b) and erroneously placed the burden on Achates to prove Apple's privity with a co-defendant. Achates Br. at 30. But the

Board imposed no such requirement, nor did it ignore or misinterpret the

provisions of section 315(b).   In relevant part, 35 U.S.C. § 315(b) provides that:

> An inter partes review may not be instituted if the
> petition requesting the proceeding is filed more than 1
> year after the date on which the petitioner, real party in
> interest, or privy of the petitioner is served with a
> complaint alleging infringement of the patent.

As noted above, to meet the provisions of section 315(b) and have standing to file

a petition, a petitioner must certify that it is not barred or estopped from requesting

an inter partes review.   And the Director's rules and regulations interpreting

section 315(b) are entitled to deference.  *See Chevron*, 467 U.S. at 842-43 and

*Cuozzo,* 2015 WL 448667 at *3.   Therefore, contrary to Achates' assertions, Apple

met its burden when it certified that it was "[t]he real party of interest of this

petition."   A81.

The Board's analysis in this case is also consistent with the USPTO's

previous explanation that the privity inquiry is "highly fact-dependent," and must

be considered on a case-by-case basis.  A367, *citing* 77 Fed. Reg. 48759.  In light

of this "highly fact-dependent inquiry," Congress gave the Board considerable

discretion to determine whether to institute an inter partes review, *cf.* 35 U.S.C. §

316(a)(2) (directing Director to "prescribe regulations . . . setting forth the

standards for the showing of sufficient grounds to institute a review under section

314(a))"), an inquiry which necessarily includes the determination of whether privity exists.

In sum, Achates' theory that Apple and QuickOffice are in privity boils down to its unsupported contention that these two parties likely entered into an agreement like the sample SDK agreement, which includes an indemnification provision, and under *Taylor* such a provision gives rise to the type of relationship where privity can exist. Achates Br. at 21-23. But in its brief, Achates states that "no reasonable mind . . . would have considered the sample SDK agreement sufficient to determine the full extent of Apple's relationship with its co-defendant," just that there was a "likelihood that QuickOffice and other Apple co-defendants had a substantive legal relationship with Apple." Achates Br. at 27 - 28. Achates, thus, concedes that the SDK agreement was not sufficient to show that QuickOffice was indeed a privy or real party in interest of Apple. And Achates fails to even address the myriad of other reasons that the Board found, such as: Achates provided no proof that any of the co-defendants actually signed the SDK agreement (A369); even if it were executed, the indemnification provision is not indicative of the co-defendants being real parties-in-interest or privies as it does not give the right to intervene or control a defense to an infringement charge or require payment of fees for an inter partes review (A369,

A371); and Apple and the co-defendants in the Texas litigation have distinct

interests in the litigation (A370).

### 2. The Board Properly Denied Achates' Motion for Additional Discovery

As previously discussed, the Board's decision to deny discovery was related

to the Board's decision to institute the inter partes review and, as such, is final and

not appealable.  To the extent that this Court disagrees and chooses to separately

consider the Board's decision to deny discovery, this Court should apply an abuse

of discretion standard.  In patent interference proceedings, this Court reviews

Board decisions "for abuse of discretion."  *Sullivan*, at 1326 (citing *Eli Lilly Co. v.*

*Bd. of Regents of the Univ. of Wash.*, 334 F.3d 1264, 1266 (Fed. Cir. 2003)).  It

should likewise do so for Board decisions in inter partes reviews, which also are

contested cases.  *See* 37 C.F.R. § 41.3 ("*Contested case* means a Board proceeding

other than an appeal under 35 U.S.C. 134 or a petition under [37 C.F.R.] § 41.3.");

*id.* § 42.2 ("*Trial* means a contested case instituted by the Board based upon a

petition. . . .  The term trial specifically includes . . . an *inter partes* review under

Chapter 31 of title 35, United States Code . . . .").

Achates asserts that the Board was arbitrary and capricious in denying its

request for additional discovery.  Achates Br. at 36-41.  But discovery in inter

partes review proceedings is designed, by statute, to be limited.  *See* 35 U.S.C. §

316(a)(5).  In particular, other than guaranteeing depositions of witnesses who

submit testimony, Congress delegated authority to the Director to establish

procedures for additional discovery, provided that such discovery is "necessary in

the interest of justice." *Id.* By limiting discovery in this manner, Congress sought

to ensure that these Agency proceedings would be a low-cost, quick alternative to

district court litigation for patentability issues. *See* 154 Cong. Rec. S9988-89

(daily ed. Sept. 27, 2008) (statement of Senator Kyl) ("Given the time deadlines

imposed on these proceedings, it is anticipated that, regardless of the standards

imposed [on limiting discovery in the statute], PTO will be conservative in its

grants of discovery."); 157 Cong. Rec. S1375-76 (daily ed. March 8, 2011) (noting

that the current bill has the same provisions that were the subject of Sen. Kyl's

comment in 2008). Pursuant to this statutory command, the USPTO has

promulgated regulations providing for certain mandatory discovery, routine

discovery, and then "additional discovery," which must meet this "in the interest of

justice" standard. 37 C.F.R. § 42.51(b)(2).

The Board did not abuse its discretion in denying Achates' motion for

additional discovery because Achates failed to meet this "interest of justice"

standard. As the Board noted, "an important factor  in determining whether

additional discovery is in the interests of justice is whether there exists more than a

'mere possibility' or 'mere allegation' that something useful [to the proceeding]

will be found." A345, *citing Garmin Int'l, Inc. v. Cuozzo Speed Techs LLC*,

IPR2012-00001, Paper 20 at 2-3. Here, the Board found that Achates' argument that the indemnification clause in the sample SDK agreement is indicative of an indemnitor being a real party in interest or privy of the indemnitee "amounts only to mere allegation and speculation that one or more of the co-defendants are real parties-in-interest or privies of Apple." A345-348. Even assuming the sample SDK agreement applied to Apple's co-defendants, the Board found that the agreement does not give the right to intervene or control Apple's defense to any charge of patent infringement, nor does it provide for legal fees incurred in an inter partes review. A346-347.

In other words, even if an SDK agreement exists between Apple and an earlier-sued co-defendant, that agreement would not be enough. Indeed, the possibility that such an agreement exists would actually point away from privity because one would not logically expect a second privity-creating agreement if the parties had already executed the SDK agreement. The Board also found that the record shows that Apple and the co-defendants in the Texas litigation have distinct interests in the litigation, and based on the different allegations of infringement against Apple, it does not appear that Apple would be estopped by any judgment against one of the co-defendants. A347-348. Further, the Board found that Achates' egregious delay in requesting such additional discovery weighed against granting the motion. A348.

Achates' reliance on prior Board decisions, such as *General Electric Company v. Transdata, Inc.*, IPR2014-01380, Paper 15 (November 12, 2014) (A6886-6897) and *Arris Group, Inc. v. C-Cation Technologies, LLC*, IPR2014-00746, Paper 15 (July 24, 2014) (A6898-6903), to show that such discovery is warranted, is misplaced. Indeed, in *General Electric*, the Board denied a similar discovery request for indemnification agreements between the Patent Owner and co-defendants in a pending litigation because that Patent Owner had not presented any evidence tending to show that the discovery of such indemnification agreements was in the interests of justice, since there was no evidence that any agreements actually existed or provided for "control" of the defense by the Petitioner. A6895. Similarly, Achates cannot show that a particular indemnification agreement exists between Apple and one of the co-defendants in the Texas litigation. A346. And even if a party had executed an agreement with Apple, such as the sample SDK agreement Achates points to, nothing in that agreement shows that the parties are in privity or real parties-in-interest such that another party could exercise sole control of an infringement litigation or share costs in defending against infringement claims. A346-347.

In the portion of the *General Electric* decision that Achates cites to, the Board found that the Patent Owner showed it was entitled to particular discovery of indemnification agreements because it met the first *Garmin* factor, namely, that

there exists more than a "mere possibility" or "mere allegation" that something useful will be found. A6889. In particular, the Patent Owner provided evidence showing that (1) an indemnification agreement exists between the Patent Owner and a particular party; (2) that party made indemnification claims against the Petitioner; (3) Petitioner may have had contractual rights with that party regarding exercising "sole control" of the litigation; and (4) the Petitioner resolved indemnification claims with that party by agreeing to provide that party with an unqualified defense.[3] A6888-6889. The Board also noted that it was important that the Patent Owner's request was made in a timely manner — less than one month after the Petition was filed. A6890. As indicated above, no such facts are present here. Thus, the Board correctly found that Achates did not show that such additional discovery was in the interests of justice and "amounts to only a mere allegation and speculation . . . [and] is unlikely to uncover information useful to the instant proceedings." A348.

Further, Achates' complaint that the Board improperly cited to provisions in the SDK agreement in denying its discovery request does not make sense. Achates

---

[3]     Similarly, in the other decision Achates cites, *Arris Group, Inc*., the Board concluded that the Patent Owner was entitled to discovery because: (1) there was no dispute that an indemnification agreement existed between the parties; (2) another party made indemnification claims against the Petitioner; (3) Petitioner had contractual rights with that party regarding exercising "sole control" of the litigation; and (4) Petitioner resolved the indemnification claims against that party. A6901.

Br. at 35. Indeed, the only evidence Achates cited to in arguing that its request for additional discovery complies with the interest of justice standard was the fact that an indemnity provision in this SDK agreement between Apple and app developers exists. A162.

Nothing in the statute or regulations supports Achates' claim that it necessarily has a right to engage in discovery relating to the issue of privity. Achates Br. at 39. While it is true that an inter partes review may not be instituted if it "is filed more than 1 year after the date on which the . . . privy of the petitioner is served with a complaint alleging infringement of the patent," 35 U.S.C. § 315(b), the statute makes no provision for special discovery into this issue. Instead, a request for discovery into the issue of privity must meet the same exacting standard as any other discovery request: the "moving party must show that . . . additional discovery is in the interests of justice." 37 C.F.R. § 42.51(b)(2)(i); *see also* 35 U.S.C. § 316(a)(5)(B). Achates failed to meet this standard.

Thus, even under an abuse of discretion standard, the Board properly denied Achates' request for additional discovery.

# VI.    CONCLUSION

For the foregoing reasons, this Court should dismiss Achates' appeal for

lack of jurisdiction.


Respectfully submitted,


February 24, 2015                    /s/ Kakoli Caprihan
                                     NATHAN K. KELLEY
                                     Solicitor

                                     KAKOLI CAPRIHAN
                                     FRANCES M. LYNCH
                                     Associate Solicitors

                                     *Office of the Solicitor* – Mail Stop 8
                                     U.S. Patent and Trademark Office
                                     P.O. Box 1450
                                     Alexandria, VA 22313-1450
                                     571-272-9035

                                     *Attorneys for the Director of the*
                                     *United States Patent and*
                                     *Trademark Office*

# CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2015, I electronically filed the foregoing BRIEF FOR INTERVENOR – DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE using the Court's CM/ECF filing system.  Counsel for the Appellant was electronically served via e-mail per Fed. R. App. P. 25 and Fed. Cir. R. 25(a) and 25(b).

/s/ Kakoli Caprihan
Associate Solicitor
U.S. Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, VA 22313-1450
571-272-9035